UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MARSHALL KING, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.: 11-CV-1204 |
| CASEY KOHLMEIER and SAMUEL FITZPATRICK, | ) ) ) ) |
| Defendants. | ) ) |

## **O R D E R**

This matter is before the Court on Defendant Casey Kohlmeier's Motion for Summary Judgment and Defendant Samuel Fitzpatrick's Amended Motion for Summary Judgment. For the following reasons, the Motions [31 & 34] are GRANTED.

**Background**

Plaintiff, Marshall King, ("King") was the passenger in a vehicle that was stopped while traveling southbound on Interstate 55 on August 13, 2009. Two police officers, Casey Kohlmeier ("Kohlmeier") and Samuel Fitzpatrick ("Fitzpatrick") ran the vehicles registration and found it to be expired. They effectuated a stop on the vehicle and after obtaining identification from the driver and running a background check, the officers discovered an outstanding warrant for the driver for vehicular theft, who they arrested. While Fitzpatrick was arresting the driver, Kohlmeier asked King to step out of the vehicle in order to determine who was the owner of the vehicle. King complied and Kohlmeier asked if him if he would consent to a search of his person, to which King consented. The search revealed a hand gun in King's waistband and he

was arrested. King was charged with being a felon in possession of a firearm and being an armed habitual criminal.

On October 26, 2009, King filed a motion to suppress the evidence discovered during the arrest alleging that the search was unlawful. The motion was heard in two separate hearings, the hearing began on November 10, 2009 and then finished on January 5, 2010. King, Kohlmeier and Fitzpatrick were called as witnesses and examined at length. In addition, all other officers present at the scene were called and examined as to whether the search conducted by Kohlmeier was proper. The court issued its ruling on January 5, 2010 at the conclusion of the hearing finding that the stop changed from a traffic stop to investigation of vehicular theft once the officers discovered the outstanding warrant for the driver. Specifically, the uncontradicted testimony from the officers was that the ownership of the vehicle was in question and the driver made an inconsistent statement as to who owned the vehicle. Accordingly, the officers had to conduct an investigation, and the vehicle would need to be examined for ownership information and insurance documents. The court found the officers credible and denied the motion. The court also noted that the weapon likely would have been discovered during a pat-down and that the officers had more than enough information to justify asking King to step from the vehicle and conduct a pat-down.

King filed a motion to reconsider on February 3, 2010, and a hearing was held on that motion on February 6, 2010. The court ultimately denied the motion. King then filed a motion *in limine* prior to his criminal trial to bar any reference to the search. This motion too was denied. King was found guilty of both charges and sentenced to twenty-two years. King never appealed the denial of his motion to suppress and has not challenged his conviction on the basis

of ineffective assistance of counsel for failing to raise the suppression issue on appeal in a post-conviction or habeas corpus proceeding.

### Discussion

A motion for summary judgment will be granted where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party has the responsibility of informing the court of portions of the record or affidavits that demonstrate the absence of a triable issue. Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 2552 (1986). The moving party may meet its burden of showing an absence of material facts by demonstrating "that there is an absence of evidence to support the non-moving party's case." Id. at 2553. Any doubt as to the existence of a genuine issue for trial is resolved against the moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 2513(1986); Cain v. Lane, 857 F.2d 1139, 1142 (7th Cir. 1988).

If the moving party meets its burden, the non-moving party then has the burden of presenting specific facts to show that there is a genuine issue of material fact. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87, 106 S.Ct. 1348, 1355-56 (1986). Federal Rule of Civil Procedure 56(e) requires the non-moving party to go beyond the pleadings and produce evidence of a genuine issue for trial. Celotex Corp., 106 S.Ct. at 2553. This Court must then determine whether there is a need for trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may be reasonably resolved in favor of either party. Anderson, 106 S.Ct. at 2511; Hedberg v. Indiana Bell Tel. Co., 47 F.3d 928, 931 (7th Cir. 1995).

In this suit, King challenges the reasonableness of Defendant's search of his person on August 13, 2009 under the Fourth Amendment and Due Process. Both Defendants argue that King's claim against them is barred under the doctrine of collateral estoppel. The collateral estoppel doctrine has three requirements: (1) the court rendered a final judgment in the prior case; (2) the party against whom estoppel is asserted was a party or in privity with a party in the prior case; and (3) the issue decided in the prior case is identical with the one presented in the instant case. People v. Franklin, 167 Ill.2d 1, 12, 212 Ill.Dec. 153, 656 N.E.2d 750 (1995). In the case at hand, the issue of whether there was probable cause to detain, search and arrest King was litigated in a motion to suppress in state court over a two day period, during which King testified, called witnesses, and cross-examined witnesses; moreover, the issue presented there is identical to the issue in this Complaint. The state court judge made a ruling on the merits that there was probable cause for the officers' actions, and King was certainly a party to that case. He appealed his conviction, but did not appeal the denial of his suppression motion.

In response to Defendants' motions, King concedes that all elements of collateral estoppel are present, but that his case should serve as an exception because he did not have a full and fair opportunity to litigate his case, based on ineffective assistance of his appellate counsel for failure to raise the issue of his motion to suppress in his appeal. However, it is inappropriate for the Court to consider whether or not his appellate counsel was effective in the context of a civil rights action. If King wishes to attack his appellate counsel's performance, he should do so via a writ of habeas corpus pursuant to 28 U.S.C. §2254. The Court cannot see how any injustice would result as King had numerous opportunities to litigate the matter in state court.

The Supreme Court has held that state criminal proceedings may serve to estop federal § 1983 actions. Allen v. McCurry, 449 U.S. 90, 104 (1980).

> There is no reason to believe that Congress intended to provide a person claiming a federal right an unrestricted opportunity to relitigate an issue already decided in state court simply because the issue arose in a state proceeding in which he would rather not have been engaged at all.

Id. Following this precedent, other courts in this Circuit have held that § 1983 actions are barred by prior state criminal proceedings. Stevenson v. Illinois, 638 F.Supp. 136, 138 (N.D.Ill. 1986); Lucien v. Roegner, 574 F.Supp. 118, 120 (N.D.Ill. 1983); County of Cook v. Midcon Corp., et al., 773 F.2d 892, 898 (7th Cir. 1988); Henderson v. Stone, 930 F.2d 25, 1991 Wl 54855, at *2-3 (7th Cir. 1991). King provides no reason to warrant an exception here. In light of this conclusion, the Court finds that King is collaterally estopped from relitigating the denial of his state court motion to suppress, and the remaining arguments presented in the Motions for Summary Judgment need not be addressed.

## Conclusion

For the reasons set forth above, the Motions for Summary Judgment [31 & 34] by Defendants Kohlmeier and Fitzpatrick are GRANTED. This matter is now terminated.

ENTERED this 27th day of September, 2012.

s/ James E. Shadid
James E. Shadid
Chief United States District Judge
